justified the court in dispensing with the mailing of the summons and complaint to the defendant. For that reason the order of publication was irregular, and the motion to set aside said order and to vacate the judgment should have been granted. The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

LAFAYETTE TRUST CO., Respondent, v. FOSTER, Appellant. (Supreme Court, Appellate Division, Second Department. June 4, 1909.) Action by the Lafayette Trust Company against Richard J. Foster. No opinion. Order affirmed, with $10 costs and disbursements, on the ground that, if the breach of contract pleaded is available as a defense, the amount of damage caused by it is immaterial, as no counterclaim is pleaded.

LAFAYETTE TRUST CO., Respondent, v. LAWS, Appellant. (Supreme Court, Appellate Division, Second Department. June 4, 1909.) Action by the Lafayette Trust Company against William M. Laws. No opinion. Order affirmed, with $10 costs and disbursements.

LAIRD v. CARTON. (Supreme Court, Appellate Division, First Department. May 28, 1909.) Action by Fanny S. Laird against Andrew B. Carton. No opinion. Motion granted. Settle order on notice. See, also, 116 N. Y. Supp. 851.

LAMSON, Appellant, v. DUNLAP et al., Respondents. (Supreme Court, Appellate Division, First Department. May 14, 1909.) Action by Arthur H. Lamson against Amelia N. Dunlap and others. A. F. Clarke, for appellant. C. V. Anable, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

LANDON, Respondent, v. BAKER, SMITH & CO., Appellant. (Supreme Court, Appellate Division, First Department. May 21, 1909.) Action by Amanda Landon, as administratrix, against Baker, Smith & Co. F. W. Catlin, for appellant. M. Cukor, for respondent.
PER CURIAM. Judgment affirmed, with costs. Order filed.
INGRAHAM, J., dissents.

LASSELL, Respondent, v. QUINN, Appellant. (Supreme Court, Appellate Division, Second Department. June 4, 1909.) Action by Mary E. Lassell against W. Johnson Quinn. No opinion. Judgment of the Municipal Court affirmed, with costs.

LAVICK, Appellant, v. NIAGARA COUNTY HOME TELEPHONE CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. June 2, 1909.) Action by Anna Lavick, as administratrix, etc., against the Niagara County Home Telephone Company. No opinion. Motion to dismiss appeal denied, without costs. Appeal ordered ready for argument on second day of September term.

LAWRENCE BROS., Appellant, v. NEW YORK REALTY OWNERS, Respondent, et al. (Supreme Court, Appellate Division, Second Department. June 4, 1909.) Action by Lawrence Bros., incorporated, against the New York Realty Owners, impleaded. No opinion. Judgment affirmed, with costs.

LAWSON, Respondent, v. WILLARD BOX & LUMBER CO., Appellant. (Supreme Court, Appellate Division, Third Department. May 21, 1909.) Action by William Lawson against the Willard Box & Lumber Company. No opinion. Order affirmed, with $10 costs and disbursements.

LAWYER, Respondent, v. WHITE et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. May 5, 1909.) Action by Aurelia Lawyer against Alice E. White and others. No opinion. Judgment and order affirmed, with costs.

LENKOWSKY v. OSCAR WIESSNER HAT FRAME CO. (Supreme Court, Appellate Term. June 25, 1909.) Appeal from Municipal Court, Borough of Manhattan, Second District. Action by Louis Lenkowsky against the Oscar Wiessner Hat Frame Company. From a judgment for plaintiff, defendant appeals. Affirmed. Arthur O. Wiessner, for appellant. Samuel Shack, for respondent.
PER CURIAM. This action is brought to recover the value of certain goods sold and delivered to the defendant. The answer, although denying all material allegations of the complaint, in addition sets up as a separate defense, which was not availed of at the trial, that all purchases made by the defendant were made on sample, and that the deliveries made by the plaintiff were not according to sample. The proof of the ordering and delivery of the goods seems ample, as does the proof tending to show that the purchases were within the authority of one placed, as Oscar Wiessner was shown to have been, in charge of the defendant's business, and it is admitted that he was president of the defendant corporation, which fact also appears from the answer. Part payment on the account by the defendant appears to have been sufficiently proved, as well as demand for the balance claimed, and a witness, concededly an expert, testified as to the only other material fact, namely, the value of the goods delivered. We find no reason for disturbing the conclusion reached by the trial court. Judgment affirmed, with costs.

LINDHOLM, Respondent, v. WAITE, Appellant. (Supreme Court, Appellate Division, Fourth Department. June 2, 1909.) Action by John Lindholm against Ralph E. Waite. No opinion. Motion to dismiss appeal denied, with $10 costs to respondent. Appeal ordered ready for argument on second day of September term.

LINTON, Respondent, v. WANKE, Appellant. (Supreme Court, Appellate Division, Second Department. June 4, 1909.) Action by